| | | |
|---|---|---|
| LUCIENA S. GRANT-FLETCHER<br>5820 Harness Court<br>Columbia, MD | * | IN THE CIRCUIT COURT |
| | | FOR |
| Plaintiff, | * | |
| v. | * | HOWARD COUNTY |
| COLLECTO, INC. d/b/a<br>EOS CCA<br>700 Longwater Dr.<br>Norwell, MA 02061<br>Serve On:<br>The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, MD 21201 | *<br><br>* | CIVIL NO.: |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Luciena S. Grant-Fletcher, through her undersigned attorneys, makes the following complaint against Defendant Collecto, Inc. d/b/a EOC CCA. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Comm. Code Ann., §§ 14-201, *et seq.*

### The Parties

1. Plaintiff is a resident of Columbia, Maryland.

2. Plaintiff had a contract for cell phone service with Cingular Wireless. Later, Cingular became AT&T Mobility.

3. Plaintiff used her cellular phone service predominantly for personal and family purposes.

4. Defendant is a corporation with a principal place of business in Massachusetts. Defendant is licensed to do business in Maryland, and is licensed by the State to act as a debt collector.

5. The principal purpose of Defendant's business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due to other persons or entities.

## Factual Background

6. As a result of a billing and service dispute, Plaintiff and AT&T terminated her cell phone service.

7. At the time the service was terminated, AT&T claimed that Plaintiff owed $879.59 on her bill.

8. Plaintiff sought, but was never provided, a satisfactory explanation of the total amount AT&T claimed.

9. In or about November 2012, AT&T referred the bill to Defendant for collection pursuant to a contract which, upon information and belief, pays the Defendant a percentage of sums it actually collects.

10. Defendant communicated with Plaintiff in an attempt to collect the amount that AT&T claimed was due.

11. In its collection efforts, Defendant added additional, unauthorized and illegal charges to the Plaintiff's bill; Defendant added $202.94 in interest charges which were not authorized by contract, and Defendant added a collection fee of $158.33 to the bill, when no contract authorized the charge and when AT&T had not incurred any such costs.

12. Neither the interest nor the collection charge had ever appeared on any bill sent by AT&T to Plaintiff. Indeed, AT&T sent bills after another collection agency attempted to collect on the account, and AT&T's own bills never showed any collection fee or interest as due.

13. AT&T's internal account documents show that AT&T was not charging interest on the account.

14. In written communications with the Plaintiff, the Defendant attempted to collect from the Plaintiff sums that she did not legitimately owe and which AT&T may not impose as a matter of contract and a matter of law, and which Defendant is barred from collecting.

<u>Class Action Allegations</u>

15. Plaintiff brings this action on behalf of herself and a class of similarly situated consumers defined as: "All persons who reside in Maryland, the District of Columbia and 19 other states listed in the AT&T on-line service agreement number FMSTCT02090123E[1] who: (a) had wireless service agreements with AT&T; (b) entered into the agreements primarily for personal, household, or family purposes; (c) failed to make all contract payments to AT&T, and;(d) were contacted by EOS CCA in an attempt to collect amounts allegedly due on their AT&T accounts, on or after October 1, 2012."

16. Upon information and belief, the class is so numerous as to make joinder of all members impracticable. EOS CCA engages in the collection of debts on a regular basis in Maryland and in other states. It is a high volume business and Plaintiff reasonably believes that the class will consist of hundreds of members, perhaps more.

---

[1] The other states listed in the agreement are: Connecticut, Delaware, Illinois, Kansas, Massachusetts, Maine, Michigan, Missouri, New Hampshire, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, Rhode Island, Virginia, Vermont, Wisconsin, and West Virginia.

17.  There are common issues of both law and fact linking all class members. The AT&T contracts, the law regarding late fees, and EOS CCA's duties to Plaintiff under the applicable debt collection statutes are identical in all material respects.

18.  Plaintiff's claims are typical of the claims of other class members in that Plaintiff makes the same complaint that all other class members would make about EOS CCA's attempt to collect unauthorized fees, as set forth more fully below.

19.  Plaintiff is an adequate representative of the class. She has no conflicts with the class and has retained counsel who is experienced in the prosecution of consumer actions and class actions.

20.  Common issues predominate over any individual issues in the action. Whether EOS CCA engaged in a practice of inflating balances on AT&T collection matters by adding improper fees is the central issue in this case. The factual issues relate to standardized practices and communications from EOS CCA which sent form letters to all class members, utilizing a uniform, improper formula to list balances that were allegedly due. The legal issues are all analyzed under the same statutes, which will apply to all class members with equal force.

21.  A class action is the superior method for litigating these common issues. Most class members would have claims that are too small to pursue on an individual basis. Their identities, and their recent addresses, are all known to the Defendant, a factor which makes the class readily manageable.

### Count I – FDCPA

22.  The allegations of paragraphs 1-21 are incorporated herein by reference as if fully set forth.

23. In a written communication with Plaintiff in an attempt to collect an alleged debt, the Defendant wrote that she had a principal balance of $879.59 due on her AT&T account. To that sum, Defendant added interest of $202.94, and "Fees/Coll Costs" of $158.33. Defendant claimed a total amount due of $1,240.86.

24. The "Fees/Coll Costs" figure is precisely 18% of the alleged principal balance due.

25. Plaintiff did not owe the sum of $1,240.86 to AT&T, because Defendant's attempted addition of collection fees and interest to the balance was both a fiction and improper.

26. Defendant did not charge, and AT&T did not pay, the alleged collection fee to Defendant. AT&T did not incur collection costs in the amount listed in Defendant's notice, and had never billed for collection costs or interest, even after referring the matter to another collection agency.

27. The Plaintiff did not sign a valid agreement regarding any collection fee or late fee or interest, in that the customer service agreement that AT&T uses refers to late fees only in an on-line format that is legally unenforceable.

28. The laws in the states where class members reside, including Maryland Comm. Law Code § 14-1315, limit the amount of late fees that can be assessed on consumer accounts such as Plaintiff's account with AT&T. That is why AT&T agreed to charge only a $5.00 monthly late fee in those jurisdictions. Defendant's listing of the sum of $158.33 as a purported collection fees is an improper attempt to circumvent those laws.

29. Indeed, because AT&T has elected to impose only a $5.00 monthly late fee on consumers in certain states, including Maryland, the attempted inflation of account balances is unauthorized by the contract between the debtor and the original creditor.

30. The Defendant's statements regarding the alleged balance due on Plaintiff's AT&T account were false, deceptive and misleading in violation of 15 U.S.C. §1692e, and designed to

inflate the true amount of the debt so as to increase collections and to pressure consumers into settling their accounts.

31.  The Defendant also violated 15 U.S.C. §1692e(2)(A) by charging or attempting to charge an amount not legally authorized.

32.  The Defendant also violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the debt in that the notice to Plaintiff included in the alleged balance fees that were not legally owed.

### Count II - MCDCA

33.  The allegations of paragraphs 1-32 are incorporated herein by reference as if fully set forth.

34.  This count is brought on behalf of the named Plaintiff and a subclass of consumers, as defined in paragraph 15 above, who reside in Maryland.

35.  Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff and the class in violation of the Maryland Consumer Debt Collection Act, Md. Comm. Code Ann. § 14-201, *et seq.*

36.  Defendant's letters and other communications with the subclass relied on improperly inflated debts that attempted to impose costs and fees not authorized by contract and not authorized by law.

37.  Such communications therefore constituted claims, attempts and threats to enforce rights that Defendant knew did not exist.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff and the class statutory damages pursuant to the FDCPA.

2. Award Plaintiff and the class monetary damages in the form of excessive payments made pursuant to inaccurate collection letters.

3. Award the Plaintiff costs of suit and a reasonable attorneys' fee.

4. Award such other and further relief as this Court may see fit.

Respectfully submitted

*[signature]*

Thomas J. Minton
Goldman & Minton, P.C.
1500 Union Avenue, Suite 2300
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

## JURY TRIAL DEMANDED

Plaintiff asks that this case be tried to a jury on all issues so triable.

Respectfully submitted

*[signature]*

Thomas J. Minton
Goldman & Minton, P.C.
1500 Union Avenue, Suite 2300
Baltimore, MD 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com