IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUCIENA S. GRANT-FLETCHER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-3505 |
| COLLECTO, INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On May 9, 2014, this Court entered a Memorandum Opinion and Order (ECF Nos. 20 & 21) granting Defendant Collecto, Inc.'s Motion to Compel Arbitration and Stay Further Proceedings. The Plaintiff filed the pending Motion for Reconsideration (ECF No. 22) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Motion is DENIED.

In granting the Motion to Compel Arbitration and Stay Further Proceedings, this Court concluded that the Plaintiff Luciena Grant-Fletcher had entered into a contract in 2009 for cellular telephone service with non-party AT&T and was subject to a valid Arbitration Agreement in that contract that covered the claims in this case. Although she alleged that she did not recall signing an electronic signature pad in the AT&T store, she acknowledged that she "may have" done so when accompanying her then-teenage daughter to obtain a phone on the Plaintiff's account. In light of these allegations, and the documents produced by the Defendant, this Court determined that the Defendant Collecto had shown that the Plaintiff had agreed to arbitrate this dispute, and that the Plaintiff had presented no

facts to rebut that conclusion.  This Court further concluded that the Arbitration Agreement was enforceable by the Defendant.  In her Motion for Reconsideration, the Plaintiff argues that this Court's decision was "based on incomplete and inaccurate evidence submitted by defendant in support of its motion to compel arbitration."  Specifically, the Plaintiff now states that the signature is "likely" that of her daughter, whom she authorized to obtain cell phone service on the account in question.

Rule 54(b) provides in pertinent part that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *Boyd v. Coventry Health Care, Inc.*, 828 F. Supp. 2d 809, 813-14 (D. Md. 2011).  "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.  Rather, whether to review a prior decision is left to the discretion of the district judge." *WW, LLC v. Coffee Beanery, Ltd.*, No. WMN-05-3360, 2013 WL 4602845, at *1 (D. Md. Aug. 28, 2013) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) and *Boyd*, 828 F. Supp. 2d at 813-14).  Reconsideration may be appropriate "where, for example, the Court has patently misunderstood a party, . . . [or there has been] a controlling or significant change in the law or facts since the submission of the issue to the Court." *Solomon v. Dawson*, No. PWG-13-1953, 2013 WL 4747987, at *1 (D. Md. Sept. 3, 2013) (quoting *Above the Belt, Inc. v. Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (internal quotation marks omitted)).  However, "relief is rarely ever appropriate when the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its

mind." *Boyd*, 828 F. Supp. 2d at 814 (quoting *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (internal quotation marks and alterations omitted)).

In this case, the allegations now offered by the Plaintiff are not "new" evidence. This information was not unavailable to the Plaintiff at the time of filing her Complaint, but is merely further equivocation as to who signed the contract. In her Complaint, the Plaintiff stated that signature does not look like hers, but that she "may have" signed the electronic signature pad. Now she argues that the signature is not in fact hers, and it is "likely" that the signature is her daughter's. Either way, this does not amount to a patent misunderstanding of, or significant change in, the Plaintiff's factual allegations. *Solomon*, 2013 WL 4747987, at *1. Indeed, it is immaterial that the signature is the daughter's, because the Plaintiff confirms that the daughter was authorized to buy the phone on the Plaintiff's account. The Plaintiff, by accompanying her minor daughter to the AT&T store and authorizing her daughter to buy a phone on the existing account bearing number 2402812287, bound herself to the AT&T Terms of Service that contain the Arbitration Agreement in question. The Plaintiff's argument that her daughter was authorized to get a cell phone on the existing contract, but was not authorized to enter a new contract, is without merit. The 2009 contract with AT&T is part and parcel of the sale and activation of the phone on the Plaintiff's account. Thus, contrary to the Plaintiff's assertion in her Motion for Reconsideration, her allegations establish that she did enter a contract with AT&T in February of 2009—the contract containing the Arbitration Agreement. Her new factual assertions only confirm that she is

bound by the 2009 AT&T Arbitration Agreement.[1]

As to the Plaintiff's argument that her claims do not rely on the AT&T contract, but on the original 2004 Cingular contract, that argument similarly fails.  The Plaintiff now presents a Cingular contract, with a different arbitration clause, that she previously alleged could not be found.  The existence, and scope, of the Cingular arbitration provision is irrelevant because, as stated above, the Plaintiff herself is a party to the Arbitration Agreement with AT&T and relies upon the AT&T contract in making her claims. Furthermore, the Plaintiff will not be allowed to file her proposed Amended Complaint because amendment would not avoid arbitration of her claims.  *Kolb v. ACRA Control, Ltd.*, ___ F. Supp. 2d ___, PWG-12-2782, 2014 WL 2048049, at *3 (D. Md. May 16, 2014) (denying amendment on futility grounds without reaching merits).  In light of the federal policy in favor of broadly interpreting the scope of arbitrable issues under a valid contract, the claims in this case are subject to arbitration under the 2009 AT&T contract regardless of the terms of the 2004 Cingular contract.  In sum, reconsideration of this Court's Order to stay the case and compel arbitration is unwarranted and the Plaintiff's Motion for Reconsideration will accordingly be denied.

---

[1] Although the Plaintiff states that the Defendant provided misleading evidence, Collecto only provided the documents that are pertinent to the claims in this case.  Furthermore, the Plaintiff herself never stated any facts sufficient to rebut Collecto's arguments.  This Court expressly concluded that the Defendant had adduced evidence to show that the Plaintiff agreed to arbitration Thus, contrary to the Plaintiff's argument, the proper burden of proof has been applied in granting the Motion to Compel Arbitration.

## <u>CONCLUSION & ORDER</u>

For the reasons stated above, it is hereby ORDERED that:

1.  Plaintiff's Motion for Reconsideration (ECF No. 22) is DENIED;

2.  This case shall remain STAYED pending arbitration; and

3.  The Clerk of the Court transmit copies of this Memorandum Order to the parties.


Dated:  June 4, 2014                              _____/s/_____

                                                  Richard D. Bennett
                                                  United States District Judge